# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO APPLETON-LEWIS, | Civil Case. No. 08CV0239 JAH |
| Petitioner, | Criminal Case No. 04CR1684 JAH |
| v. | **ORDER DENYING PETITIONER'S REQUEST FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY [DOC. # 146]** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, a federal prisoner appearing *pro se*, has filed a request for issuance of a certificate of appealability from this Court's order denying his motion to modify or correct his sentence filed pursuant to 28 U.S.C. § 2255. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. Mc Daniel, 529 U.S. 473 (2000)), and Barefoot v. Estelle, 463 U.S. 880 (1983). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n. 4).

Petitioner seeks a certificate of appealability on the same three issues presented in his motion: whether he was afforded ineffective assistance of counsel where his counsel failed to

(1) sufficiently investigate petitioner's indictment under the Maritime Drug Law Enforcement Act ("MDLEA") before advising him to plea; (2) challenge the indictment on jurisdictional grounds before advising him to plea; and (3) demand a factual basis for constitutional jurisdiction during sentencing.  As to the first two issues, this Court determined that, based on a consideration of all the circumstances, petitioner failed to prove his counsel's actions met the first prong under <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)(requiring a petitioner to show (1) "that counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial" to prove he was afforded ineffective assistance of counsel).  In regards to the third issue, this Court found petitioner has waived his right to assert ineffective assistance during sentencing when he entered into his plea agreement.

Although petitioner claims that these three issues are debatable among jurists of reason, *see* Doc. # 146, petitioner presents no further argument other than what he presented previously.  Based on a careful review of the record in this matter, this Court finds that none of the issues are debatable among jurists of reason nor are any of them deserving of encouragement to proceed further.  <u>Lambright</u>, 220 F.3d at 1024-25.  Therefore, this Court finds petitioner is not entitled to a certificate of appealability on any of the three issues at bar.  Accordingly, IT IS HEREBY ORDERED that petitioner's application for a certificate of appealability [doc. # 146] is **DENIED in its entirety.**

Dated:       January 12, 2009

_____
JOHN A. HOUSTON
United States District Judge